## GLIDDEN v. ANDREWS.

1. The object of the rule stated in Clay's Dig. 615 § 26, is to do away the necessity for filing a supplemental bill, when a necessary party is omitted in an original bill for the foreclosure and sale of a mortgaged estate; and it allows the introduction of a new party after the decree and sale.
2. The proper course of practice, under this rule, is to file the petition, upon which an order goes, that the person named be made a party to the original bill, and process is awarded to bring him before the court. A re-sale of the mortgaged premises is not necessary, unless the new defendant insists on one by his answer.
3. When, under this rule, process has issued requiring the new party to answer the petition, and no process being issued on the bill against him, no decree can be rendered, as process upon the petition is a useless act, and will not warrant a decree.

APPEAL from a decree of the Court of Chancery for the 1st District, Southern Division.

Andrews filed a petition, in which he set out that he was the purchaser of certain premises sold on the 1st day of June, 1843, under a decree of foreclosure made in a suit in equity, wherein he and two others, as partners under the firm of Andrews & Brothers, were complainants; and Basil Meslier, the mortgagor, Jonathan S. Beers, Adolph Batre, the New Orleans and Carrolton Railroad Company, and several others named therein, were defendants. That he is informed, Glidden claims to have a lien upon a portion of the premises sold by the master under the decree aforesaid, which lien is subsequent to the foreclosed mortgage, under which the petitioner purchased.

The prayer is, that Glidden may appear and show cause why the sale should not be confirmed, and the petitioner be let into possession of the premises.

Glidden appears and answers the petition, asserting that he claims the premises set out in his answer, under a sale and conveyance from Adolph Batre on the 31st March, 1840; and that he has ever since been in possession of the land described, claiming it in fee simple under the title of Batre and other titles which he holds. That he was not a party to the mortgage bill, and is in no manner bound by the decree. That if he had been a defendant thereto, he would have asserted a defence which, he is advised, would have prevented a decree against him.

He prays that Andrews may produce the deed made to him by the master, whereby, it will be seen, that the former is not entitled to maintain his petition against him, and concludes with a general demurrer to the petition.

The chancellor considered the answer as evasive and insufficient, and rendered a decree foreclosing Glidden and confirming the sale; also, that Andrews should be let into possession of the premises purchased.

This decree is now assigned as error.

STEWART, for the plaintiff in error, insisted that no proceedings could be based on this petition. The party had a right to be heard on the original bill, and to be made a party to that; and even then it is doubtful if any effect can be given to the rule.

P. PHILLIPS, *contra*.

GOLDTHWAITE, J.—One of our rules for the regulation of chancery practice, directs that, "if it shall be discovered that there are subsequent incumbrancers, or parties in interest, not made parties to the cause, at any time before the confirmation of the sale in any mortgage suit, the complainant, or purchaser, shall have liberty to bring them before the court at that stage of the proceedings; and if they make no opposition by answer, their interest may be foreclosed without a re-sale of the property." [Clay's Digest, 615, § 26.]

By the usual course of chancery practice, when a necessary party defendant is omitted in the original bill, and the omission is not discovered until the suit has progressed so far, either before or after the decree, that an amendment cannot be allowed, it then

becomes necessary to cure the defect by a supplemental bill. [Mitford 33, 59; Goodwin v. Goodwin, 3 Atk. 370.]

The object of our rule is, to do away this necessity; and it, in effect, allows the amendment of a mortgage bill after the decree in such cases where the introduction of a new party will not affect the rights of those already before the court. Although the rule permits the new proceeding to be had at the instance of a purchaser as well as by the complainant, this does not introduce a new party complainant to the record. The suit progresses in the name of the original parties, with the addition of the new defendant.

2. The proper course of proceeding is, for the complainant or purchaser to file a petition to the chancellor, setting forth the omission of the party deemed a necessary one to enable full effect to be given to the decree, and that such party claims some interest in the mortgaged premises which is subject to the mortgage. On this petition, an order goes, of course, that the party named be made a defendant to the original bill, and process is awarded to bring him before the court. Upon this process, the same proceedings may be had as upon *subpoena* or publication; and the suit having been already heard as to the other defendants, it is only necessary to hear it as to the new party, unless the interests of those already before the court will be affected by the decree. [Mitford 70; Jones v. Jones, 3 Atk. 217.] It will be seen by the concluding sentence of the rule, that no re-sale is necessary unless the new defendant insists on one by the answer.

3. The proceedings here do not conform to the view we have just taken of the rule, inasmuch as the process requires Glidden to appear and answer the petition, when he should have been served with a *subpoena* to answer the original bill.

No process having issued against Glidden on his thus being made a party to the original bill, no decree *pro confesso*, or otherwise, could properly be rendered against him. The process upon the petition was, as we have shown, a useless act upon which no ulterior proceedings could be based.

The decree must be reversed, and the cause remanded for further proceedings.