## GLIDDEN v. Doe ex dem. ANDREWS.

1. The legal estate of the mortgagee does not pass to the purchaser under a sale under a decree of foreclosure, when the decree does not bind the equity of redemption of the mortgagee, conveyed by him to another after the mortgage, in consequence of the omission to make that other a party to the bill.

2. The effect of such a decree, and purchase under it, is not to destroy the legal estate of the mortgagee, and he may, notwithstanding, maintain ejectment at law for the mortgaged premises. The title remains as it was, entirely untouched by the decree.

Gliddon v. Doe ex dem. Andrews.

3. When the plaintiff in an ejectment suit is entitled to recover on some one of the demises laid in the declaration, it is not error to instruct the jury that he is entitled to recover on the title before the jury. If the defendant wishes to raise a question as to one of the titles, it is proper to do so by asking a specific charge on the particular demise.
4. *Quere?* Whether a legal title of a mortgagor will pass under a general conveyance by him of all his real and personal estate upon trust to sell for the purpose of paying his debts.

Error to the Circuit Court of Mobile.

EJECTMENT, for the recovery of a lot of land in the city of Mobile. The plaintiff counts on the several demises of Solomon Andrews, E. L. Andrews, Joseph J. Andrews, and Andrews & Brothers, consisting of the two first named and Z. Andrews. Gliddon was permitted to defend under the usual terms, and the the titles exhibited before the jury were severally these :

The plaintiff proved that one Meslier was possessed of the lot on the 20th March, 1835, and then mortgaged it with other lots, by deed of that date to Solomon Andrews, to secure the payment of certain notes therein described. On the 20th August, 1839, S. Andrews, by deed of that date, conveyed all his estate, real and personal, to J. J. Andrews, in trust to convert the same into cash, and to pay the proceeds to Andrews & Brothers, in extinguishment of certain debts due them. On the 14th August, 1840, Andrews & Brothers filed their bill in Chancery, to foreclose the mortgage to S. Andrews, on all the lots therein described, charging in the bill, that the mortgage and notes were assigned to them, but no assignment of the mortgage appears. Gliddon at this time was in possession of the lot, and is not a party to the bill. He claims title through one Walker, by deed from Batre, as will be seen hereafter. Walker was made a party to this bill, on 12th April, 1841, and Batre the 16th February, of the same year. There was a decree of foreclosure, and at the sale under it, E. A. Andrews became the purchaser, and received the Master's deed, paying $4,600 for all the lots.

The defendants proved a deed from Meslier, for the lot in question to one Walker, dated 12th October, 1836. Walker went into possession under this deed, but executed a mortgage to Meslur, to secure the purchase money. This was assigned by Meslier to Batre, who obtained a decree of foreclosure, and became the purchaser under the Master's sale and and conveyed to Glidden on the 30th March, 1840.

S. Andrews, by Andrews & Brothers, released the mortgage as to one of the lots contained in it, to one De Sylva, on the 29th June, 1840, for the sum of $1000. De Sylva purchased from Meslier, after the mortgage, and this was the first lot sold by him after the mortgage. The amount of the notes secured by Meslier's mortgage is $6904, besides interest.

On this evidence the defendant requested the court to charge the jury that the plaintiff was not entitled to recover. The court refused, and instructed the jury that the plaintiff's title was the best, and that the legal title was in Joseph J. Andrews, in the opinion of the court, but on the whole title, as shown by the plaintiff's evidence, the plaintiff was entitled to recover.

This charge is now assigned as error.

G. N. STEWART, for the plaintiff in error, insisted,

1 There can be no recovery on the demise of S. Andrews, because of the conveyance to Joseph J. Andrews, on the 20th of August, 1839, and therefore had no title at the date of the demise.

2. The demise of E. L. Andrews cannot avail the plaintiff, as his right under the mortgage sale, was only that of the defendant to the bill. [Harris v. Beach, 3 Johns. Ch. 459.]

3. That of Andrews & Brothers is not sufficient, because they filed the former bill for foreclosure, and thus exhausted their title, whatever it was. They never had the legal title however, as there is no *conveyance* to them.

4. The title of Joseph J. Andrews, is subject to the same objection, of being exhausted by the proceedings under the bill.

5. The mortgage is nothing more than a security for the debt, and the parties having asserted their remedies under it

the matter is closed and their action at an end. They cannot have successive bills of foreclosure against each party, but are bound to make all interested parties in one bill.

6. The charge is too vague, as it omits to state directly on which demise the foreclosure was to be had. There can be no recovery on a joint and several demise, because of its uncertainty.

7. The result is, the purchaser has acquired no title, because Gliddon is not a party to the foreclosure, and the complainant having exhaused his remedies, is estopped from asserting any further claim. The mortgage is *functus officio*. [Perry v. Barker, 8 Vesey, 527.]

9. Unless the title is known by the recovery, to whom do the damages go, and are in a case like this to be applied in discharge of the mortgage debt or otherwise.

10. In ejectment on a mortgage, damages are not recoverble until after the possession recovered. [4 Kent, 154, note, c.]

J. A. CAMPBELL, contra, argued—

1. There can be no extinguishment of the mortgage until the legal and equitable estates unite in the same person. [Dexter v. Sterns, 2 Mason, 531; Jackson v. Bowen, 7 Cow. 1; Hunt v. Hunt, 14 Pick. 374; Freeman v. McGow. 15 Ib. 82.]

2. The operation of the decree and sale is to transfer the mortgagee's estate to the purchaser. [Erwin v. Ferguson, 5 Ala. Rep. 158. If such is not the effect of these cases, then the legal title in S. Andrews and Joseph Andrews, attends on the title of the purchaser. [Watson v. Spence, 20 Wend. 260; Duval's Heirs v. McLoskey, 1 Ala. Rep. 708.]

GOLDTHWAITE, J.—1. All the points made by the defendant, rest on the supposed irregularity or invalidity of the decree, in the mortgage suit of Andrews & Brothers, growing out of the fact that the defendant is no party to that suit, nor in privity with any of the defendants. But conceding the invalidity, or even the nullity of that decree, in our judgment the consequences do not follow, for which the defend-

22

ants counsel .contends. The question as to the effect of a decree of foreclosure on persons in interest not made parties, was before this court in Duval's Heirs v. McLoskey, 1 Ala. Rep. 708. There the purchaser under such a decree insisted he was invested with the legal estate of the mortgagee in consequence of the purchase, and was entitled to set it up to defeat the suit of the heirs of the mortgagor, who were not parties to the decree, their ancestor having died pending the suit. The court then held the master's sale and conveyance did not operate as an assignment of the legal estate of the mortgagee. It is put as a *quere* whether equity would not afford relief to a purchaser under a void decree, by subrogating him to all the rights of the mortgagee, to the payment of whose demand the purchase money had been appropriated, and thus keep the mortgage alive as against the mortgagor and his heirs. In Watson v. Spence, 20 Wend. 260, the suit was ejectment, by one claiming under a conveyance from the mortgagor, against the purchaser, under a decree of foreclosure in a suit to which the mortgagor was the sole party. The supreme court of New York held, the defendant was not entitled to set up the outstanding legal title of the mortgagee. These decisions show the purchase under a decree, to which the heir or assignee should be, but is not a party, does not operate to convey the legal title of the mortgagee for any purpose whatever.

2. It is true, these decisions cannot be considered beyond this, as deciding what interest or estate does pass to the purchaser under such defective proceedings, or to what exten tsuch are operative to affect the legal title with which the mortgagor himself is invested by the mortgage ; but it was scarcely possible to enter on the cases without in some manner adverting to these points. We have seen it put by this court as a *quere*, if the purchaser was not subrogated to the rights of the mortgagee, in consequence of the payment to him of the purchase money. It is possible his right might extend beyond this, as nothing passes by the purchase, but if the right of subrogation exists, there seems no other way to make it effectual if the mortgagee is not compelled to use the legal title for the use of the purchaser. However this may be, (and we decline now to examine any of the questions involv-

ed between the purchaser and the other parties,) it seems clear, when the proceedings are so defective as not to pass the mortgagor's equity of redemption to the purchaser, the foreclosure has failed to have its proper effect, and the decree operates nothing to bar the legal title of the mortgagee. In the case just cited from New York, it is said to be impossible by such a proceeding, at all to improve, though certainly it would not impair the right personal to the mortgagee to have a strict foreclosure. Indeed, if the defendant is not affected, as the purchaser under the mortgagor, by the decree to which he is not a party or privy, we do not see how he can properly contend the mortgagee's rights to a recovery at law are in anywise impaired. This, in our judgment, is the only conclusion to be come at, that as between the mortgagee and this defendant, the decree operates no change whatever, and that each has the same rights, as against each other, as if no foreclosure had been attempted. It becomes evident now, that if the plaintiff in this suit is armed with a demise from the person having the legal estate of the mortgagee, the defence cannot prevail.

3. It is not a matter of importance to inquire now whether the title passed by the assignment of S. Andrews to Joseph J. Andrews by the deed of trust, inasmuch as the defendant requested no charge upon the effect of each demise. The charge was that upon the whole case, the plaintiff, i. e. *John Doe*, was entitled to recover. In this form of action it is not material to inquire whether the damages recovered would go in discharge of the mortgage debt, or to E. L. Andrews, as the purchaser under the mortgage sale. In several demlses of this nature each lessor is presumed to assent to the action, and the use of his title by the nominal plaintiff. [Adams on Ej. 188; People v. Bradt, 7 Johns. 539.] This being the settled law of this action, it must follow that any sum recovered and paid, will go to the lessor having the title. If, in this case, it was necessary to ascertain which was the title to be recovered, the opinion of the court would be properly elicited by asking instructions on each demise.

4. Without intending so to decide, we may remark, that it deserves consideration whether the legal title of a mortgagee will pass to a trustee, under a general conveyance of

all his real and personal estate, in trust to pay debts.   [See Lewin on Trusts, 245 ; Roe v. Reade, 8 Term, 118.]

It is scarcely necessary, we presume, to add, that this re-covery will not prevent the defendant, if he chooses to do so, from filing his bill to redeem.   Judgment affirmed.