## GLIDDON v. ANDREWS & BROTHERS.

1. M, executed a mortgage on several lots of land, in Mobile, to secure the payment of several promissory notes, due to S A. After the execution of the mortgage, M sold the lots to several persons, G being the purchaser of one. The mortgage, and notes, were assigned to Andrews & Brothers, and M making default, A & B filed their bill to foreclose, and made all the incumbrancers parties, except G. A decree was made for the sale of the mortgaged premises, and at the sale, the lot claimed by G, was sold for $1,400—E. L. Andrews, one of the firm of A & B, becoming the purchaser. The proceeds of this sale, discharged the mortgage debt, except about $200. E L A then brought ejectment against G, and recovered the lot claimed by him, and damages, which was affirmed on error to this court. G then filed his bill, and insisted on his right to redeem the land, by the payment of the smaller sum due on the mortgage. Held, that G was only entitled to relief, upon paying the sum due on the mortgage, and the price bid for the lot. *Quere*, had it been shown, that the lots sold for less than their value, would it not have been the duty of the court, to permit G, to redeem the entire property, on payment of the entire mortgage debt.

Error to the Chancery Court of Mobile. Before the Hon. A. Crenshaw, Chancellor.

BILL filed by the plaintiff in error, to enjoin a judgment, which had been obtained against him by the defendants in error, in an action of ejectment, and to redeem the land from a mortgage, which existed upon it. The facts are fully set forth in the opinion of the court.

The chancellor, at the hearing, decreed a redemption, on the payment of the sum of $1,400, and the balance due on the mortgage, and costs. This is now assigned as error.

G. N. STEWART, for plaintiff in error, contended,

1. That the decree of foreclosure and sale are not in any manner binding on Gliddon, nor for any purpose whatever.

2. That E. L. Andrews, as purchaser, must be considered precisely as if he was a stranger, and can acquire nor claim no greater or higher right by the purchase than a stranger.

3. That by his purchase, he acquires the right and title of all those who were defendants to the bill of foreclosure, freed and discharged from the mortgage, be that what it is.

4. That the sale of the master stands in full force and effect, that it was confirmed on the motion of the purchaser himself, who was also a party complainant, and consequently E. L. Andrews must be bound by the sale, and content himself with the rights acquired thereby, which he still holds.

5. That consequently, Gliddon is entitled to redeem on payment of the balance due on the mortgage only.

6. That the decree of the chancellor attempts to bind Gliddon by the price of sale under the decree; whereas it cannot bind him for any thing. That Gliddon's right is to be discharged altogether, or placed where he was with the right to redeem the whole mortgage. The complainant cannot be bound by the decree in part, and in part not. See 6 Ala. 190 —decision on a petition of E. L. Andrews to obtain possession. 10 Ala. 166—decision of the court on the action of ejectment. 20 Wendell, 260, 264, 265—to show what the purchaser's right is. 3 Johns. Ch. R. 459—as to the effect of the purchase. 1 Ohio R. 44.

J. A. CAMPBELL, contra.

1. The purchase by Andrews & Brothers under the former

decree is inoperative upon the title of Gliddon—Gliddon contends that he cannot be injured by that decree. This we admit. It follows, that he can claim no benefit from it. 10 Ala. Rep. 166.

2. Gliddon claims the right to redeem, notwithstanding the former decree and sale. We concede his right of redemption. This right involves the duty of making full payment of the debt and costs. Haynes v. Beach, 3 Johns. Ch. Rep. 459; Cooper v. Martin et al. 1 Dana, 25; Coote on Mort. 535, 555.

3. It is not necessary to make new parties in place of E. L. & Z. Andrews. The mortgage was held by Andrews & Brothers as partners. The debt survives to Joseph I. Andrews, who may give a discharge of the mortgage, and who might have filed a bill to foreclose after the death of his copartners. The decisions of this court are in point. It would have been erroneous to have joined the heirs of the deceased partners. Cullum v. Batre, 1 Ala. R. 126; Erwin, adm'r, v. Ferguson, 5 Ala. 158; Batre v. Auze, Id. 173.

CHILTON, J.—The facts of this case, so far as are necessary to a correct understanding of the points which arise upon the record, may be thus stated: In 1835, B. Meslier executed a mortgage to S. Andrews to secure the payment of several promissory notes due to the latter, which mortgage embraced several lots in the city of Mobile. The mortgage and notes were assigned to Andrews & Brothers. After the execution of the mortgage, Meslier sold the lots so conveyed to several persons in different portions, and among the rest, the plaintiff in error, became the purchaser of the lot in controversy. Meslier failing to pay the demand secured by the mortgage, Andrews & Brothers filed their bill to foreclose, making the various junior incumbrancers or purchasers, parties defendant, except Gliddon. A decree was rendered ordering a sale of the mortgaged premises, and in obedience thereto, the register of the court proceeded to sell the lots in several parcels, the lot claimed by Gliddon having sold for the sum of $1,400. At the sale, E. L. Andrews, who was one of the firm of Andrews & Brothers, to whom the demand was due, bid for the lots and purchased them, crediting the

demand secured by the mortgage with the amount of his bid,
less the cost, which he paid in cash to the register. The re-
port of sales having been duly made to the chancery court,
was confirmed on motion of complainant, Andrews. In the
mean time, Gliddon having possession of the lot which he
now seeks to redeem, E. L. Andrews exhibited his petition
in the chancery court, against him, to be let into possession
of the lot, upon which the chancellor decreed that the peti-
tioner should be let into the possession, and foreclosed Glid-
don, confirming the sale. This decree was reversed in this
court, (6 Ala. Rep. 190,) and the proceeding by petition
without subpœna upon the original bill, was held insufficient.

There remaining still due upon the mortgage about $200,
after crediting it with the proceeds of the master's sale, E. L.
Andrews commenced his action of ejectment against Gliddon,
averring in his declaration several demises, &c. and finally
succeeded in recovering a judgment for the land, and dama-
ges, which judgment was affirmed on error to this court, with
ten per cent. damages on the amount of the recovery in the
court below. See 10 Ala. Rep. 166. Gliddon filed this bill
to enjoin this judgment, and to redeem the land, insisting
that as he was neither party or privy to the decree of fore-
closure, his rights are in no wise affected by the decree, and
insisting further, that he should only be required to pay the
small balance due upon the mortgage, after crediting it with
the $1,400 bid by E. L. Andrews for the lot now sought to
be redeemed, and which said Andrews caused to be credited
upon the demand due to the firm of Andrews & Brothers.

The chancellor decreed that Gliddon should pay the
$1,400, as well as the balance due upon the mortgage, and
the cost of the ejectment suit, and ten per cent. damages
awarded by the supreme court. To reverse this decree, the
plaintiff brings the case to, this court, and here insists, that
the decree of foreclosure was not binding on him, not being
a party, nor in privity with any person who was a party, but
that such decree, and the sale, conclude Andrews, at whose
instance it was rendered, and upon whose motion the sale
was confirmed: *Further*, that E. L. Andrews must be re-
garded as a stranger, purchasing whatever interest the de-
fendants then before the court had in the premises. That

having received a deed from the register, and the sale remaining in force, E. L. Andrews is bound by it, and that Gliddon should not be charged with the price at which the lot was purchased.

It is not denied by the counsel for the defendants, that the plaintiff has the right to redeem, nor is it pretended that Gliddon is bound by the decree of foreclosure in any way. The only controversy respects the terms upon which the redemption may be made. The question is, shall Gliddon be allowed the benefit of the $1,400 bid of E. L. Andrews, which was credited on the firm demand of Andrews & Brothers, and be permitted to redeem upon paying the small balance of $200, still due upon the mortgage?

Upon the most mature reflection and examination which we have been enabled to bestow upon the case, we have arrived at the conclusion that the chancellor decided the point correctly, and we will briefly state the reasons which have led us to this conclusion.

The decree upon the bill to foreclose the mortgage, and to which, as we have said, Gliddon was neither party nor privy, was as to him, a perfect nullity. As such, it operated no change of the rights of these parties. In the language of this court, in Gliddon v. Doe ex dem. Andrews, 10 Ala. 171, "each has the same rights, as against each other, as if no foreclosure had been attempted." See also 20 Wend. 260. The plaintiff, having failed in a court of law, and being about to be turned out of possession by its judgment, asks the aid of a court of equity for relief against the judgment, and to redeem his lot from under the mortgage upon which he alledges the judgment at law was predicated. The court will see that he yields substantial equity to those from whom he seeks it. Now, he insists that as to $1,400 of the demand for which the mortgage stood as security, he should be relieved—that the mortgage, as to this sum, is discharged. But how discharged? By the foreclosure and merger of the equity in the legal estate? This operation he wholly denies to the decree. By payment? He does not pretend that a dollar was paid to extinguish the lien. His answer is, my lot was sold, and one of the mortgagees bid $1,400 for it, which

93

he credited upon the demand. I repudiate the sale, as I well may do ;—he shall take nothing by his purchase ;—I ask the court to hold it void, so as to pass no title to my lot, but valid and potential, so as to relieve me from the payment of the price bid for it. Such a demand is obviously opposed to the plain dictates of justice, and nothing but some stubborn rule of law, from which we were not at liberty to depart, could induce us to yield to it our acquiescence. The right of redemption, says Mr. Coote, being the creature of equity, must be subject to the rules of equity. The court therefore will make terms with the mortgagor, if necessary, before it will permit him to redeem. Coote on Mort. 535. The failure to make Gliddon a party defendant to the bill seeking a foreclosure of the mortgage, so far as we are advised by the record, was not designed, nor did it have the effect to confer upon the complainants in that bill any undue advantage over him, or to prejudice in any way his rights. We apprehend it was the result of inadvertence, and certainly furnishes no ground for visiting the complainants with so heavy a penalty.

It is not pretended that the persons who were made parties to the bill to foreclose, had any interest in the lot claimed by Gliddon, and consequently no interest whatever passed to the purchaser, and he gains nothing by the effect of the decree as an estoppel. There is no interest or claim upon which such estoppel can operate, and it cannot therefore form a consideration for the $400 credit. The title to the lot failing, this credit is wholly without any consideration therefor, and to hold the defendants bound by it, would be in our judgment manifestly unjust. If Gliddon seeks to estop and conclude the defendants by a sale under the decree of the lot which he claims, he must himself submit to be bound by it, as estoppels must be mutual—must bind both parties, or they bind neither. Edmondson v. Montague, *supra*. It is not material for us to inquire what would be our conclusion, had a stranger purchased the lot at the sale. In the case before us, the purchase was made by one of the mortgagees—was made by crediting the mortgage debt, and had the title been thus acquired by one of the partners, by the extinguishment *pro tanto* of the partnership demand, equity would regard him as holding it in trust for the firm whose

means had been invested in its acquisition. But this aside, the purchaser is one of the mortgagees; against him as a member of the firm, the redemption is sought. The complainant must do justice to him—not withhold from him the lot, and still charge him with its value.

But it is said the chancellor attempts to bind Gliddon by the price at which the lot sold at the sale, whereas the decree and the sale under it, are as to him wholly inoperative. True, the decree requires the complainant to pay the $1,400, and the balance due after deducting that sum, but the result is precisely the same, as if he had disregarded the sale of this lot altogether, and charged complainant with the balance of the money due upon the mortgage.

It is further contended, that Gliddon should be discharged from the operation of the mortgage, or placed where he was before the decree and sale—that he then had the right to redeem the whole mortgage. Allowing him this right, and that the decree deprives him of it in respect to the lots claimed by others whose interests were sold, still there is no pretence that he has been in any way prejudiced by the proceeding. There is no complaint that the lots did not sell for their full value. Had this been proven, perhaps it would have been the duty of the court to have protected the complainant against any loss he may have sustained by reason of the sale, but such is not the case. He has sustained no injury, and the decree is equally as favorable for him, as the circumstances of the case will justify. The decree is in the usual form, and disposes of the whole case, and in our opinion is free from error. Let it be affirmed.