[Smith v. Conner and Wife.]

# Smith *v.* Conner and Wife *et al.*

| 65 | 371 |
|130 | 509 |
| 65 | 371 |
|133 | 619 |

*Bill in Equity for Account and Redemption, against Purchaser at Mortgage Sale.*

1. *Tender, or offer to do equity, by party asking redemption.*—When subsequent purchasers or incumbrancers file a bill in equity, against the first mortgagee and a purchaser under him, asking an account and redemption, and not denying that there is a balance due on the mortgage debt, they must make a tender in the bill, or offer to pay whatever balance may be found due.

2. *Purchase at sale under power in mortgage; equitable relief against, at suit of subsequent incumbrancer.*—As against a purchaser at a sale under a mortgage, who is not charged with knowledge of .the state of accounts between the mortgagor and mortgagee, or with notice of any fraud, oppression, or other misconduct, practiced by the mortgagee, a subsequent purchaser or incumbrancer is not entitled to an account and redemption, although he gave notice of his interest at the sale.

3. *Purchase pendente lite; parties to bill to enforce vendor's lien.*—A purchaser of lands, pending a bill to enforce a vendor's lien on them, is chargeable with constructive notice of the proceedings, and it is not necessary that he should be brought in as a party; and if his rights accrued before the filing of the bill, whether the failure to make him a party to the suit would, of itself, avoid the decree rendered, is left an open question.

4. *Remandment on reversal, for amendment of bill.*—The chancellor's decree in this case, overruling a demurrer to the bill, being reversed on account of amendable defects in the bill, the cause was remanded, that the complainant might have an opportunity to amend.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. H. C. SPEAKE.·

The bill in this case was filed on the 17th February, 1877, by the children of William H. Moore, and Thomas U. Conner, who had married the eldest daughter, was joined with his wife as a party; against Elon G. Smith, Robert H. Herstein, Maurice Bernstein, and others; and sought particularly a redemption of certain real estate, consisting of a block of stores in Huntsville (with other property), which was in the possession of said Herstein and Bernstein, who claimed under purchases at a mortgage sale and under a chancery decree, as hereinafter more particularly stated; and also an account of the rents and profits during the defendants' possession, and of the transactions between said Moore and Smith, and between Moore and others, in connection with the debts which were the foundation of the mortgage and decree under which the sales were made. The complainants claimed the property under a deed from said Wm. H. Moore to them, dated the 11th September, 1866, which recited as its consideration an indebtedness by the

grantor, on account of moneys belonging to the estate of his deceased wife, who was their mother, which he had received and appropriated to his own use, amounting to over $14,000; and the deed, in describing the property, stated that it was "subject to debts due to Joseph C. Bradley and E. G. Smith."

In reference to the debt due to Bradley, the bill alleged that it was a lien on the property at the time of the execution of Moore's deed to the complainants, "and was enforced by a decree of this Chancery Court, rendered in favor of Robert S. Spraggins, as the legal representative of one Crutcher, deceased, and also as the legal representative of one Thomas Spraggins, deceased, against said Moore, Bradley, and E. G. Smith, on the 8th June, 1867, for the sum of $4,706; that said property was sold under said decree," and was bought by said Herstein and Bernstein, who received a deed from the register. The debt to Smith, who resided in St. Louis, was contracted under a contract between him and Moore, which was reduced to writing on the 10th day of May, 1866, and a copy of which was made an exhibit to the bill. By the provisions of this instrument, Smith agreed to make advances to Moore, for the cultivation of a plantation in Mississippi, the purchase of stock, &c., according to the terms therein specified; and, as security for the debt thus created, Moore conveyed the block of stores in Huntsville, with other property, to F. P. Ward, as trustee, and authorized him to take possession of the property, and sell it to the highest bidder for cash, if default should be made in the payment of the debt, on or before the 16th March, 1867. The bill alleged that Ward, as trustee, sold the property under the power of sale contained in this deed, on the 24th June, 1867; that Smith himself became the purchaser at the sale, at the price of $4,300, and received a deed from the trustee, and took possession of the property under his purchase, and received the rents and profits until the 4th November, 1867, when he sold and conveyed to said Herstein and Bernstein, at the price of $6,000, and placed them in possession. The bill alleged that the complainants were infants at the time of the sales under the decree and deed respectively; that they were not made parties to said chancery suit, and that public notice of their rights in and to the property was given at each of said sales. The following extracts from the bill show the grounds on which relief against these sales was asked:

"Complainants charge that, so far as they are concerned, the lien of said Spraggins, as the legal representative of said

Crutcher, is still a lien, and has never been foreclosed; and that they are entitled to an account, to ascertain the balance that is due on said debt, if any, after the same is credited with the rents and profits of said corner lot, for and during the time aforesaid, and until the final hearing of this cause; and that the said conveyance of Moore to Ward, as trustee, to secure the advances made by said E. G. Smith, is, so far they are concerned, still only a security for any real debt that was then due by said Moore to Smith; and that the said foreclosure, by sale under the power therein, is of no binding force on them; and that said conveyance still stands only as a security for the real debt, to be ascertained by an account to be taken under the order of this court." " Complainants charge that the accounts between said Smith and Moore have never been settled, nor the items thereof agreed upon by the parties; that, so far from such being the case, said Smith claims that Moore owes him many thousand dollars more than Moore admits to be due; and complainants charge that the account of said Smith, as presented and insisted on, is unjust, inequitable, and not authorized by the terms of said contract; that the account so presented by said Smith, and made the basis of said sale by the trustee, presented a magnitude of debt not legally or equitably existing, which placed it out of the power of said Moore and these complainants to liquidate and arrange the same; and that the unjust additions of large items of alleged indebtedness by Moore to said Smith caused a sacrifice of a large and valuable property, at a cash sale, during a time of great pecuniary and commercial embarrassment and depression, at a price greatly below its real value; and that said proceedings were oppressive, harsh, and injurious to complainants, who were then minors, and caused an apparent sacrifice of all their rights of property in a valuable real estate;" and the bill then specified various items of alleged overcharges, mistakes, &c. "Complainants charge that any fair statement of the account, crediting said Moore with the proceeds of the sale of said property, and the true and proper value of the same, and charging him with only such items as he is properly chargeable with, legally and equitably, under said written contract, and also crediting said Moore's debt with the rents of said property, as herein before claimed, will, in the opinion of complainants, entirely pay off and discharge all debt and claims of said Smith, and of said Spraggins as administrator, against said Moore. And complainants further charge and allege, that said property is liable, under the respective liens of Bradley and Smith, only for such balances, if any, as may be found to be still due, after said credits for

[Smith v. Conner and Wife.]

property sold and taken, and rents received, are placed on the respective debts as aforesaid," &c., " and that the said property, subject to said liens, be held liable only for such portions of said respective debts as are not extinguished by said credits. "

Moore, Smith, Herstein, Bernstein, and the purchasers of the other property sold and conveyed with the block of stores, were made defendants to the bill ; and the prayer was, that an account might be taken of the transactions between said Smith and Moore under the written contract between them, and also of the rents and profits of the property while in the possession of said defendants respectively after the several sales ; that these rents and profits be credited, at their proper dates, on the debts of Spraggins and Smith respectively ; " that on said accounting, if the entire debt of said Smith shall be found to be extinguished and paid off, then that said defendants shall be ordered to give up all claim and title on and to said property in Huntsville, derived from said Smith ; and that if any part of said debt shall be found still unpaid, the said property shall be decreed to be liable only for such balance," &c. ; and the general prayer for other and further relief, was added.

A demurrer to the bill was filed by Smith, Herstein, and Bernstein, jointly, assigning the following (with other) grounds of demurrer : 1st, that there is no equity in the bill ; 2d, " that there is no offer in the bill to pay the amount that may be ascertained to be due on the liens admitted to be valid, or either of them " ; 3d, that the bill is uncertain in its allegations as to the amounts due on the liens admitted to be valid, and as to the amounts claimed as credits or deductions ; 4th, that the bill alleges neither payment nor tender of payment to Smith, and makes no offer to pay it ; 5th, that it alleges no fraud or irregularity in the sale by Ward, under the power contained in the deed of trust ; 6th, that Herstein and Bernstein are shown to be remote purchasers, and are not charged with any knowledge or notice of any claim or interest in the property by the complainants, or of any unfairness or irregularity in the sale by the trustee. The chancellor overruled the demurrer, and his decree is now assigned as error by the said defendants who demurred.

CABANISS & WARD, and WALKER & SHELBY for appellants, cited *Cain v. Gimon,* 36 Ala. 168 ; 2 Jones on Mortgages, §§ 1095, 1116, 1897-8, 1913, 1878, 1668 ; *Jones v. Cowles,* 26 Ala. 612 ; *Childress v. Monette,* 54 Ala. 317 ; 4 Kent's Com. (12th ed.) 149, note *b.*

D. P. LEWIS, *contra.*—If a mortgagee use the power given him by the mortgage, to obtain the equity of redemption at less than its value, a court of equity will hold the transaction to be still a mortgage, will permit the mortgagor to redeem, and will make the mortgagee account.—2 Hill. on Mort. 329; 2 Jones on Mort. § 1676; Powell on Mort. 115, *n.*; *Cain v. Gimon,* 36 Ala. 168; *Goodman v. Pledger,* 14 Ala. 114. If the mortgagee purchases at his own sale, under a power in the mortgage, and resells at a higher price, he assumes the *onus* of showing the fairness of the transaction.—1 Hill. on Mort. 329; *Black v. Hair,* 2 Hill's Ch. 622; *Cunningham v. Rodgers,* 14 Ala. 147. If his purchase of the mortgage property is not *bona fide,* he will hold the property only as security for the mortgage debt, and the court will compel him to account for the rents and profits.—*Middlesex Bank v. Minot,* 4 Metc. Mass. 325; *Shelton v. Clayton,* 6 How. U. S. 183; *Loomis v. Wheelright,* 3 Sandf. Ch. 135; *White v. Smith,* 51 Ala. 406; 2 Hill. Mort. 240, 254. This court will not reverse for error in overruling a demurrer, or motion to dismiss for want of equity, unless it clearly appears that the defects are not amendable.—*Calhoun v. Pond,* 42 Ala. 647; 1 Dan. Ch. Pr. 598, ed. of 1871; 2 Phill. 545; 2 Myl. & Cr. 111; 4 *Ib.* 554, 558.

STONE, J.—The case made by the present bill somewhat resembles that presented in *Cain v. Gimon,* 36 Ala. 168. There are differences. In that case, Lassabe, the trustee, sold under the power contained in the trust deed, and Gimon, the beneficiary, became in fact the purchaser, through Conche and Parker, who conveyed by successive quit-claim deeds to him, Gimon. The title under the trust sale had thus vested in Gimon, the beneficiary under the trust deed, or mortgage, and remained in him. The changes of title through Conche and Parker to Gimon were colorable, no money in fact passing in either of the pretended sales. The bill of Mrs. Cain averred, that not more than fifty dollars was due on the mortgage, and contained the following clause: "Complainant hereby tenders that amount to said Gimon, and is ready to pay that amount, or any other sum that may be found due by Cain to him, and submits herself to this court, for its decree in that behalf."

The bill in the present case avers, that Herstein and Bernstein became purchasers of the main property in controversy, under two sales: first, at the chancery sale made in the suit of Spraggins, the decree being for unpaid purchase-money due from Moore, under whom both complainants and defendants in this suit claim. Their second chain of title proceeds

from a sale by Ward, trustee under the trust deed made by Moore and wife to secure Smith, purchase by Smith at that sale, and deed made to him, and subsequent deed of bargain and sale made by Smith and wife to Herstein and Bernstein, in consideration of six thousand dollars. There is no averment that Herstein and Bernstein had any knowledge or notice of the state of accounts between Moore and Smith; that they did not pay for the property; that they bought it below its value, or that they participated in, or had any knowledge of the alleged overcharges by Smith in his account against Moore. Nor does the bill deny that something is, or may be, due from Moore to Smith on account; nor does it tender, or offer to pay, any balance that may be found due. The bill seeks to avoid the effect of the sale made under the chancery decree in favor of Spraggins, and conveyance to Herstein and Bernstein by the register, by averring that the complainants in the present suit, subsequent incumbrancers, were not made parties to the Spraggins suit.

The deed from Moore, under which the present complainants claim, bears date September 11th, 1866. It recites that the property conveyed, the same in controversy in this suit, is "now subject to debts due to Joseph C. Bradley and E. G. Smith." The Spraggins decree was recovered on the debt to J. C. Bradley, transferred by him. The deed made to Ward, trustee, for the benefit of Smith, bears date May 10th, 1866; and the decree in favor of Spraggins, under which Herstein and Bernstein purchased, was rendered June 8th, 1867; less than nine months after the conveyance to complainants, under which they claim. It is not shown when the Spraggins suit was commenced, whether before or after September 11th, 1866.

Certain well-settled principles are fatal to the complainants' case, as made by their present bill.

*First:* The failure to make tender, or offer to pay what may be found due, thereby submitting themselves to the authority and jurisdiction of the court, so that, without more, the court may compel them to do equity, as a condition to granting them relief.—*Rogers v. Torbert*, 58 Ala. 523; *Eslava v. Crampton*, 61 Ala. 507; *Cain v. Gimon, supra*; 2 Jones on Mortgages, sections 1095-6.

*Second:* There is no averment in the bill, showing the true state of account between Moore and Smith, or tending to show that Herstein and Bernstein had any knowledge or notice thereof, or that they, to any extent, participated in, or were cognizant of any fraud or oppression practiced by Smith, if any were practiced. The averments of the bill, on this subject, are very vague.—2 Jones on Mortgages, section

[Winston v. McAlpine.]

1654; *Childress v. Monette*, 54 Ala. 317; *Jones v. Cowles*, 26 Ala. 612; *Lucas v. Oliver*, 34 Ala. 626.

*Third*: It is not shown that the Spraggins suit, under which the register made sale, was not commenced before Moore conveyed to his children, the complainants. If so, Spraggins was under no obligation to make them parties. They purchased *pendente lite*, and with constructive notice. But, if that suit were commenced after September 11th, 1866, we do not wish to be understood as affirming that the failure to make them parties, by its unaided force, would avoid the effect of the foreclosure. We leave that question open.—*Doe, ex dem. v. McLoskey*, 1 Ala. 708; *Cullum v. Batre*, 2 Ala. 415; *Walker v. Bank of Mobile*, 6 Ala. 452; *Glidden v. Andrews*, 10 Ala. 166; *Hunt v. Acre, Johnson & Co.*, 28 Ala. 580.

It is possible the present bill may be so amended as to obviate the defects pointed out above. We therefore reverse the decree of the chancellor, and remand the cause, with instructions to him to sustain the demurrer, and dismiss the bill, unless it is so amended as to give it equity.

BRICKELL, C. J. not sitting.