# O'Rear v. American Trust & Savings Bank.

### Assumpsit.

(Decided February 10, 1916.   71 South. 105.)

1. **Bills and Notes; Actions on; Issues.**—Where the action was against the endorser of a note, and the name of the payee was endorsed on the note, and neither its execution nor assignment to plaintiff was denied by sworn plea (§ 5332, Code 1907), the note was properly admitted in evidence without other proof that it had been executed or assigned to plaintiff.

2. **Same.**—The fact that after its negotiation to plaintiff the note was seen in the hands of an attorney, was not sufficient to show that plaintiff was not a holder in due course.

3. **Appeal and Error; Review; Presumption.**—Where the contents of a letter, referred to in the record on appeal, do not appear, it will be presumed on appeal that such contents tend to support the conclusion of the trial court.

(Anderson, C. J., and Gardner, J., dissent.)

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Assumpsit by the American Trust & Savings Bank against Caine O'Rear. From a judgment for plaintiff, defendant appeals. Affirmed.

The note was made by Caine O'Rear to one W. E. Thomas, and is alleged in the plea to have been given for 20 shares of the capital stock of the Standard Coal Company. The pleas fur-

ther allege fraud, misrepresentation, and failure of consideration, going into details as to the fraud and misrepresentations complained of.

GRAY & WIGGINS, for appellant. MAX J. WINKLER, VICTOR SMITH, and McGREGORY & McGREGORY, for appellee.

SAYRE, J.—Suit by appellee as indorsee of a negotiable promissory note against the maker.

(1) The name of the payee was indorsed on the note, and, neither its execution nor assignment to plaintiff being denied by sworn plea (Code, § 5332), or at all for that matter, it was properly admitted in evidence without other or further proof that it had been executed and assigned to plaintiff.

(2, 3) The note in suit was executed May 4, 1912, and made payable January 1, 1914. The defense was that it had been obtained by the fraud of the payee, and that plaintiff, not being a holder in due course, was charged with notice of the fraud. The only evidence offered in support of the allegation that plaintiff was not a holder in due course was the testimony of the maker that he had seen the note in the possession of W. H. Smith, a lawyer, in January, 1913. This testimony was not corroborated by Smith, and was flatly contradicted by the officers of the plaintiff bank. But, of course, the jury had a right to believe the maker, and we shall assume that they did. In view of the uncontradicted proof that the note had been negotiated in 1912, without notice of defect in its consideration, to secure loans made by plaintiff to the payee in August and October of that year, there being no explanation by the maker of how or why Smith held the note in January, 1913, if he had it, we entertain the opinion that the isolated fact of such possession did not tend to cast any cloud upon plaintiff's previous and continued ownership in good faith. If Smith had the note in suit, there is nothing to indicate for what purpose he had it. It cannot be assumed that he got it from the payee, or, even if he did, that his temporary possession was inconsistent with the otherwise well-established and uncontradicted prior ownership of the plaintiff. Smith had for collection a claim of Thomas, the payee and indorser of this note, against O'Rear, the maker. But there is nothing to show that he had this note for any such purpose.

[Jefferson County Savings Bank v. Carland, et al.]

There is also reference in the record to a letter written about that time by Smith to O'Rear, but the transcript, which purports to contain all the evidence, does not contain a copy of the letter. Assuming that it had some relevance to the point at issue between the parties, it must also be assumed that its contents tended to support the trial court's conclusion that plaintiff was entitled to the general charge which the court gave on its request.

Affirmed.

McCLELLAN, MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur. ANDERSON, C. J., and GARDNER, J., dissent.