# Morris, *et al. v.* Fidelity Mortgage Bond Company.

*Bill for an Accounting to Cancel Deed and for a Sale of Property.*

(Decided May 21, 1914.  Rehearing denied June 24, 1914.
65 South. 810.)

1. *Mortgages; Remedies of Mortgagee.*—A mortgagee may sue for the debt, bring an action for the property, or foreclose, and may pursue all of these remedies at once, or use such of his remedies as will give him the speediest relief, and hence, may sue on the secured note without first foreclosing his mortgage.

2. *Same; Transfer of Mortgaged Property; Assumption of Debt.*— While the mere purchase of land subject to mortgage does not render the purchaser personally liable for the mortgage debt, yet if he assumes the payment thereof as a part of the purchase price he becomes personally liable.

3. *Same; Right of Action Against.*—A mortgagee or his assignee may sue a purchaser of the mortgaged property who has assumed payment of the mortgage debt, in an action at law.

4. *Equity; Bill; Inconsistent Relief.*—A bill is not demurrable because seeking alternative or inconsistent relief where each alternative related to the same subject matter, and concerned the same transaction.  (Section 3095, Code 1907.)

5. *Fraudulent Conveyances; Suit to Set Aside; Parties Entitled.*— Under sections 3735-3739, Code 1907, a mortgagee may file a bill to set aside a fraudulent conveyance of property other than that subject to the mortgage, as section 3739 is intended to confer this right on all creditors with or without a lien other than judgment creditors provided for by section 3735, Code 1907.

6. *Same; Defenses; Property to Pay Debt.*—An alleged fraudulent conveyance will not be set aside if the property thereby conveyed is not substantially all of the debtor's property, or if he retains enough to indemnify his creditors.

7. *Same; Bill; Sufficiency.*—A bill by a mortgagee to set aside an alleged fraudulent conveyance of property other than that covered by the mortgage by a purchaser who has assumed payment of the mortgage debt, is insufficient where it shows that he owns property other than that conveyed, and did not show that he was not the owner of the mortgaged property, or that it was not sufficient to satisfy complainant's demand whether enforced by foreclosure, or by an action at law, although the bill alleged a belief that respondent was insolvent.

8. *Same.*—A bill alleging that the lots conveyed were subject to complainant's debt sufficiently showed that they did not constitute a part of defendant's homestead.

9. *Pleading; Construction on Demurrer.*—Upon demurrer pleadings are construed most strongly against the pleader.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by the Fidelity Mortgage Bond Company against W. M. Morris and others for an accounting, cancellation of a deed, and the sale of property to pay debt, and to declare a deed a general assignment. From a decree overruling demurrers to the bill, respondents appeal. Reversed, rendered, and remanded.

The bill alleges an indebtedness of Morris, the complainant, of $1,080, as follows:  P. O. and F. C. Mc-Glathery on December 20, 1909, executed to B. R. and B. L. Allison a mortgage for $1,000, payable three years after date, evidenced by one principal note and six in-

terest notes payable semiannually. On March 28, 1910, respondent Morris purchased from the McGlatherys the property described in and covered by their mortgage, under the terms of the deed, and as part of the consideration Morris agreed to assume and pay off the mortgage of the Allisons. That complainant is the owner for value of said mortgage, the principal note, and two interest notes of $40 each, all of which is now past due and unpaid. That on the 8th day of September, 1910, W. H. Morris conveyed to his wife, Edna F. Morris, the property described and set out upon the recited consideration of $3,150 and the assumption of certain mortgage. It is stated on information and belief that said deed and conveyance was without valuable consideration, false, simulated, and fictitious, and made for the purpose of placing said property beyond the reach of creditors of said Morris, and with the intent to hinder, delay, and defraud, and that grantee had knowledge of the fraudulent intent of the grantor and aided the purposes and intent to defraud. It is then alleged on information and belief that Morris was insolvent, and that if said conveyance was not without consideration it was a preference, and it is further alleged that it is all the property of Morris subject to execution.

The second ground of demurrer is as follows:

There is no allegation in the bill that the land on which plaintiff holds mortgages given by the McGlatherys is not worth the amount of the debt of complainant.

Roy McCullough and C. W. Hickman, for appellant. The bill is without equity.—*Turrentine v. Koopman*, 124 Ala. 211; *Mindenhall v. Random*, 3 Stew. 251; 12 Cyc. 5. There is no allegation that complainant is not fully protected by his mortgage.—§§ 3735-3739,

Code 1907. The bill does not seek a foreclosure.—20 Cyc. 705. It does not appear that the mortgage was past due at the time of the conveyance complained of.— *Wooten v. Steele*, 109 Ala. 563; *Donley v. McKiernan*, 62 Ala. 34. The bill does not allege that the security afforded by the mortgage is not an adequate security for the debt.—20 Cyc. 422; 13 Pick. 69; 83 Mo. App. 114. The bill is multifarious.—*Henry v. Tenn. L. S. Co.*, 50 South. 1029; *Brooks v. Lowenstein*, 27 South. 520; *Beddow v. Shepherd*, 23 South. 662. The allegation of insolvency of respondent is not sufficient.—96 Ill. 224. The bill asked for inconsistent relief.—*Beddow v. Shepherd, supra; Brooks v. Lowenstein, supra*. It does not appear that the property alleged to have been fraudulently conveyed is not exempt.—*Steiner v. Penny*, 130 Ala. 289; *Talladega v. Brown*, 128 Ala. 557.

HAMILL & SAVAGE, for appellee. Counsel discuss assignments of error, but without citation of authority.

ANDERSON, C. J.—The holder of the note and mortgage is not required to first foreclose the mortgage, but may bring his action on the note alone.—Jones on Mortgages, § 1220; *Cullum v. Emanuel*, 1 Ala. 23, 34 Am. Dec. 757. A mortgagee may, in the absence of an agreement to the contrary, proceed on all of his remedies at once, or use such of his remedies as will give him the easiest relief against the mortgagor or a subsequent incumbrancer or assignee.—18 Eng. Rul. Cas. 434. (1) He may sue for the debt; (2) he may sue for the property; and (3) he may foreclose.

While the mere purchase of land subject to an outstanding mortgage will not render the purchaser personally liable for the mortgage debt, yet if he assumes the payment of the mortgage debt as a part of the con-

sideration of the purchase he becomes personally liable for the mortgage debt; and the payment of the same can be enforced by the mortgagee or his assignee, upon the theory that the obligation to the mortgagor to discharge the debt was made for the benefit of the mortgagee as well as of the mortgagor.

At one time the mortgagee's right to enforce the collection of the debt, against the purchaser from the mortgagor, was equitable; but the modern rule in most of the states is to allow the mortgagee to recover in an action at law against the purchaser.—Jones on Mortgages, §§ 740-762, inclusive.

We think that the complainant can maintain a creditor's bill to set aside the conveyances in question, notwithstanding it is not a judgment creditor, and is a creditor with a lien. In other words, we do not think the rule, as to the right to file a creditor's bill, is confined to judgment creditors and other creditors who have no lien; but are of the opinion that section 3739 of the Code of 1907 was intended to let in all creditors other than judgment creditors who were provided for by section 3735.

Formerly, the right was conferred upon the judgment creditors only, as provided by section 3735; but section 3739 was afterwards added to the Code, and said statute, as previously construed by this court, gives the right to maintain a creditors' bill to all creditors, whether with or without a lien.—*Hall & Farley v. Alabama Co.,* 143 Ala. 480, 39 South. 285, 2 L. R. A. (N. S.) 130, 5 Ann. Cas. 363; *Lehman v. Meyer,* 67 Ala. 403.

The bill was not subject to a demurrer because it sought alternative, or what is termed inconsistent, relief. It, in each alternative, relates to the same transaction and concerns the same subject-matter.—Code, § 3095; *Smith v. Young,* 173 Ala. 190, 55 South. 425.

[Morris, et al. v. Fidelity Mortgage Bond Company.]

As a general rule, courts of equity should not be called upon to do vain and useless things, and a conveyance by a debtor of some of his property will not be disturbed if it is not substantially all, or if he retains enough to indemnify his creditors.

The bill avers that the lots conveyed by Morris to his wife were substantially all of his property, coupled with the averment of a belief in the insolvency of the said Morris. This averment might suffice, if the bill did not show that he owned other property, and, from aught that appears therefrom, the respondent is the owner of the property embraced in the complainant's mortgage; and it may be ample to satisfy the complainant's demand, whether it seeks the collection of same by foreclosure or by a judgment and execution in a court of law.

Pleading, upon demurrer, must be construed more strongly against the pleader, and from aught that appears from this bill the property embraced in the mortgage may be ample to satisfy complainant's demand, and its attempt to subject the lots conveyed by Morris to his wife may be a useless attempt to harass and oppress these respondents.

The chancery court erred in not sustaining the respondents' second ground of demurrer to the bill of complainant, and the decree is reversed, and one is here rendered sustaining said demurrer.

The bill avers that the lots conveyed were subject to complainant's debt, which negatives the idea that they constituted the grantor's homestead; for, if they were the homestead, they were not subject to the payment of his debts, and no point is made as to the manner of averring this fact. The fifteenth ground of demurrer takes the point that the bill does not aver that the property conveyed was not the homestead. If this

should be averred in the complaint, or is defensive matter, a point we need not decide, for the reason that the bill does, in effect, aver that it was not the homestead, and no point is made by the demurrer as to the manner of making this averment.

Reversed, rendered, and remanded.

McCLELLAN, SAYRE, and DE GRAFFENRIED, JJ., concur.