(84 South. 562)

## KALADNER v. FIRST NAT. BANK OF BIRMINGHAM. (7 Div. 581.)

(Court of Appeals of Alabama. Oct. 28, 1919.)

1. BILLS AND NOTES ⬅️485—IN ABSENCE OF SWORN PLEA, NOTE, SHOWING INDORSEMENTS, MAKES PRIMA FACIE CASE.

Under Code 1907, §§ 4966, 4989, relating to indorsements, etc., plaintiff's introduction in evidence of a note indorsed by defendant and indorsed by his indorsee in blank, makes out a prima facie case, in the absence of a sworn plea denying the making or assigning.

2. BILLS AND NOTES ⬅️429—DEPOSITOR'S DIRECTION TO BANK CASHIER TO PAY NOTE NOT PAYMENT TO HOLDER.

Direction by the indorser of a note to the cashier of a bank, at which he had discounted the note and kept a deposit to pay the note, etc., which the maker had dishonored, *held* not to amount to a payment of the note to plaintiff bank, to which it had been negotiated; the bank, with which the indorser kept a deposit, having failed before any payment was made, and it not being contended that such bank, or the cashier, was the agent of the plaintiff.

Appeal from Circuit Court, Shelby County; Hugh D. Merrill, Judge.

Action by the First National Bank of Birmingham against M. Kaladner upon a promissory note. Judgment for plaintiff and defendant appeals. Affirmed.

Weatherly, Deedmeyer & Birch and C. W. Hickman, all of Birmingham, for appellant.

The plaintiff did not make out even a prima facie case, and was due an instructed verdict. Sherrill v. M. & M. T. & S. Bank, 195 Ala. 175, 70 South. 723; Wilson v. Weaver, 16 Ala. App. 249, 77 South. 238. The appellant also showed payment, and should have been discharged therefor. 75 Ind. 67; 4 Ind. 522; 10 Ind. 467; section 5042, Code 1907; 7 Cyc. 1029, note 44; 42 Ala. 117; 173 Ala. 306, 56 South. 128; 140 Ala. 623, 43 South. 117; 147 Ala. 677, 39 South. 295, 1 L. R. A. (N. S.) 246; 103 Ala. 458, 15 South. 854, 49 Am. St. Rep. 45; 57 Ala. 20; 63 South. 785; 126 Ala. 535, 28 South. 517.

W. L. Acuff, of Columbiana, for appellee.

The plaintiff made a prima facie case by introducing the note. 157 Ala. 548, 47 South. 733; 108 Ala. 644, 18 South. 692; section 4966, Code 1907; 195 Ala. 277, 71 South. 105. Payment must be specially pleaded. 159 Ala. 399, 48 South. 710. There was a variance between the pleading and proof as to payment. 141 La. 493, 75 South. 220.

SAMFORD, J. [1] Defendant was the holder of a promissory note, executed by H. Aronson, in the sum of $100. This note plaintiff indorsed and discounted to.the Citizens' Bank of Calera; the Citizens' Bank indorsed the note in blank, and the plaintiff, having the possession, sues, claiming to be the owner in due course. There were three pleas. The first two are in effect the general issue, and plea 3 alleges that the amount sued for was paid to the plaintiff before the action was commenced. There was no sworn plea denying the making or assignment of the note. The plaintiff introduced the note in evidence, showing the indorsements. In the absence of a sworn plea, the introduction of the note in evidence made a prima facie case for the plaintiff. International Harvester Co. v. Gladney, 157 Ala. 548, 47 South. 733; Ledbetter & Co. v. Vinton, 108 Ala. 644, 18 South. 692; Code 1907, §§ 4966, 4989; O'Rear v. Am. Tr. & Savings Bank, 195 Ala. 277, 71 South. 105.

[2] It was alleged in the plea of payment that the payment was made to the plaintiff, and this placed the burden on the defendant of proving that the debt had been paid to the plaintiff or to its authorized agent. To discharge this burden, the defendant offered evidence to show that defendant owned three. certain promissory negotiable notes, executed by Aronson and payable to defendant, in the sum of $100 each; that defendant discounted these notes to the Citizens' Bank of Calera and indorsed the same to said bank; that when the first two of these notes came due the maker failed to pay, and upon the verbal instructions of defendant to the cashier of the Citizens' Bank they were charged back to his account; that the defendant had on deposit with the Citizens' Bank largely more than the aggregate of all of these notes; that when the last note, which is the foundation of this suit, became due, the cashier of the Citizens' Bank came to the defendant's place of business and informed defendant that the maker had not paid the note, and defendant then and there instructed the cashier to charge the same to defendant's account with the bank; that at that time defendant had on deposit in the Citizens' Bank about $1,700. Shortly after this the Citizens' Bank failed, and at the time of the failure defendant had on deposit $500. It will be noted that the only plea of payment alleges a payment of the debt to the plaintiff, while the evidence for defendant discloses that, even if payment was made at all, it was to the Citizens' Bank of Calera, and not to the plaintiff, as alleged.

Of course, if the Citizens' Bank of Calera was the agent of plaintiff, and as such received payment of the debt, that would be a full discharge; but the evidence discloses no such payment, defendant only constituting the cashier of the Citizens' Bank his agent for the purpose of payment of the

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

amount due to the owner of the note, whoever it might be, and from the evidence it appears the cashier did not do this. No check was given by the defendant on his account, and no entry made by the cashier on the books of the bank, segregating the amount from defendant's account and transferring it to the plaintiff. The defendant failed to prove his plea of payment, and hence the court did not err in giving the general charge for plaintiff as requested.

Affirmed.