(96 South. 419)

**SMITH v. JACK et al. (2 Div. 813.)**

(Supreme Court of Alabama. April 19, 1923. Rehearing Denied May 24, 1923.)

1. Mortgages ⊂⊃595—After resale and execution of purchase-money mortgage to purchaser at foreclosure, redemption by mortgagor should be from the second purchaser.

Where, after a foreclosure sale of mortgaged property, it is sold again before the period for redemption has expired to one who in turn gives a purchase-money mortgage, the legal title rests in the purchaser after the foreclosure sale, and, under Code 1907, § 5746, redemption by the original mortgagors should be from him; his purchase-money mortgage, subsequently given, being in equity but a security for a debt, and not a conveyance in præsenti of the legal title.

2. Mortgages ⊂⊃378—Foreclosure sale satisfies debt to extent of amount bid, and extinguishes relation of mortgagor and mortgagee.

The foreclosure of a mortgage satisfies the mortgage debt to the extent of the amount bid, and completely extinguishes the relation of mortgagor and mortgagee, and the purchaser at such sale acquires both legal and equitable title, subject only to the statutory right of redemption.

3. Appeal and error ⊂⊃1012(1)—Finding, not against weight of evidence, not disturbed.

The trial court's conclusions on evidence, presented through both written and oral means, will not be disturbed, unless unsupported by that evidence, or against its great weight.

4. Mortgages ⊂⊃603—After failure to agree on value of improvements, arbitration becomes obligatory under statute.

Under Code 1907, §§ 5757, 5758, where the purchaser at a foreclosure sale and one seeking to redeem therefrom are unable to agree as to the value of permanent improvements made by the purchaser, arbitration becomes obligatory.

5. Mortgages ⊂⊃617—Burden on redemptioner to show forfeiture under statute of right to payment for improvements.

A redemptioner under a mortgage, asserting a forfeiture by the purchaser at foreclosure sale of his right to payment for permanent improvements, has the burden of proving such forfeiture.

6. Mortgages ⊂⊃617—Evidence held not to show forfeiture under statute of right to payment for improvements.

Evidence of negotiations between the parties and their referees *held* insufficient to show a forfeiture, under Code 1907, § 5758, of the right of the purchaser at the foreclosure sale to payment for permanent improvements.

Appeal from Circuit Court, Sumter County; R. I. Jones, Judge.

Bill of A. M. Jack and Guy Jack, Jr., against M. R. Smith for statutory redemp-

tion. From a decree for complainants, respondent appeals. Affirmed in part, reversed in part, and remanded.

Thomas F. Seale, of Livingston, and Jones, Jones & Van de Graaff, of Tuscaloosa, for appellant.

The appellees were not entitled to redeem from the appellant. Toomer v. Randolph, 60 Ala. 356; Childress v. Monette, 54 Ala. 317; Fields v. Clayton, 117 Ala. 538, 23 South. 530, 67 Am. St. Rep. 189; Hayes v. Banks, 132 Ala. 354, 31 South. 464; Toney v. Chenault, 204 Ala. 329, 85 South. 743; Stocks v. Young, 67 Ala. 341. An offer to redeem, not including permanent improvements, is not sufficient. Cramer v. Watson, 73 Ala. 127. If the person in possession appoints a referee, he is entitled to compensation for his improvements put upon the land. Code, § 5758. The statute does not require of him, in order to escape being deprived of the right to compensation for his improvements, that he shall, in all events, see to it that the referees perform the duty or office for which they are selected or appointed. Forfeitures are not favored in equity. Prichard v. Sweeney, 109 Ala. 651, 656, 657, 19 South. 730; Attalla Co. v. Winchester, 102 Ala. 190, 14 South. 565; Root v. Johnson, 99 Ala. 90, 10 South. 293. A party cannot claim a forfeiture on account of the breach of a condition precedent that he himself caused, or when he aided in the breach. Wingo v. Hardy, 94 Ala. 184, 10 South. 659. In a bill or proceeding in a court of equity seeking adjudication in reference to the title to lands, all who own or claim any interest in the land must be made parties, either complainant or respondent. Goodman v. Benham, 16 Ala. 625; McMaken v. McMaken, 18 Ala. 576; Woodward v. Wood, 19 Ala. 213; Prout v. Hoge, 57 Ala. 28; McCully v. Chapman, 58 Ala. 325; Dooley v. Villalonga, 61 Ala. 129; Perkins v. Brierfield Co., 77 Ala. 403; Hambrick v. Russell, 86 Ala. 199, 5 South. 298; Winsett v. Winsett, 203 Ala. 373, 83 South. 117.

Patton & Patton, of Carrollton, for appellees.

A. M. Jack and Guy Jack, Jr., were the parties entitled to redeem the land sold at mortgage sale. Code 1907, § 5746. M. R. Smith, the alienee of the purchaser at the mortgage sale, was the proper party to whom to make the tender for permanent improvements put on the land by him, and of whom to request the appointment of a referee to ascertain the value of such improvements. Code 1907, § 5749; Camp v. Simon, 34 Ala. 126; Lehman Durr & Co. v. Collins, 69 Ala. 127; Robbins v. Brown, 151 Ala. 236, 44 South. 63; Thompson v. Brown, 200 Ala. 382, 76 South. 298. When Smith, the alienee of the purchaser at mortgage sale, failed or refused to appoint a referee to ascertain the value of the permanent improvements, he forfeited his right to compensation for such improvements. Code, § 5758; Steele v. Hanna, 91 Ala. 190, 9 South. 174; Prichard v. Sweeney, 109 Ala. 651, 19 South. 730. The testimony on the point whether Smith appointed a referee being largely taken orally before the trial court, the decree will have the effect of a verdict of a jury, and will not be disturbed on appeal, unless "not supported by any phase of the testimony, or unless contrary to the great weight of evidence." Cooper v. Rowe, 208 Ala. 494, 94 South. 725, and cases there cited.

McCLELLAN, J. Bill filed by the appellees to effect statutory redemption of real estate (Code, § 5746 et seq.), sold under power of sale in a mortgage given to secure the payment of $2,000. Redemption was awarded the complainants. In 1914 the mortgage was executed to W. W. Shannon by L. A. and Guy Jack. Prior to foreclosure by the mortgagee's executor, the mortgagors conveyed the land covered by the mortgage to complainants, appellees. At the subsequent foreclosure sale, the validity of which is not at all questioned, W. L. Shannon and other heirs of W. W. Shannon purchased the land at the bid sum of $2,200, an amount about $400 less than the mortgage debt. On November 29, 1918, these purchasers at the foreclosure sale conveyed the land, by warranty deed, to M. R. Smith, appellant, upon the recited consideration of $3,500, and Smith gave them a mortgage to secure this purchase money, on which mortgage nothing had been paid when the bill was filed. After his purchase Smith made permanent improvements on the land. The complainants aver a tender to Smith of $2,700, which, aside from the contested matter of the value of permanent improvements, was a sum sufficient to effect redemption.

[1] The complainants are of a class, vendees of mortgagors, entitled to redeem under the statutory system. Code, § 5746 et seq. The conveyance to Smith by the purchasers at the foreclosure sale was, of course, subject to the redemption the cited statutes provide. Smith acquired thereby the legal title to the land. Since statutory redemption is designed to operate upon, to divest the legal title (Morrison v. Formby, 191 Ala. 104, 107, 67 South. 668), the complainants properly sought to effect redemption from Smith, the repository of the legal title. Code, § 5746. The mortgage from Smith to the purchasers at the foreclosure sale, reserving the right to possession in the mortgagor, was in equity (the rule is different at law), a security for the debt, not a conveyance in præsenti of the legal estate. Welsh v. Phillips, 54 Ala. 309, 25 Am. Rep. 679, among others in its line.

[2] The foreclosure of the mortgage from the Jacks to Shannon completely extinguished the relation of mortgagor and mortgagee,

and the purchasers at such sale acquired both the legal and the equitable titles, leaving outstanding only the statutory right of redemption. Jackson v. Tribble, 156 Ala. 480, 489, 490, 47 South. 810. The foreclosure sale satisfied the mortgage debt in the amount of the sum bid thereat. Harris v. Miller, 71 Ala. 26, 32, 33.

[3] The testimony pertinent to the issues was presented to the court through depositions of some witnesses and through the oral examinations of others. Where, as here, the evidence is presented through both written and oral means, the trial court's conclusion will not be disturbed, unless unsupported in the evidence, or unless contrary to the great weight of the evidence. Cooper v. Rowe, 208 Ala. 494, 94 South. 725.

There was evidence tending to support the conclusion that the redemptioners, these complainants, made demand on Smith for an itemization of the sums necessary to effect redemption, to which end the trial court concluded. Under the stated rule, it cannot be affirmed on appeal that error affected this conclusion of the court below. Likewise there was evidence supportive of the effectiveness of the tender, otherwise than of the value of the permanent improvements, which was the subject of dispute.

[4] The evidence left in no real doubt that Smith and the proposed redemptioners were unable to agree upon the value of permanent improvements made by Smith, whereupon, as provided in Code, §§ 5757, 5758, the process of arbitration became an obligation of the parties to thereby have ascertained the value of the permanent improvements. Prichard v. Sweeney, 109 Ala. 651, 19 South. 730.

[5] The contention of the redemptioners, prevailing in the court below, was that Smith forfeited his right to the value of the permanent improvements on redemption under these provisions of Code, § 5758:

"If the latter [i. e., the person in possession] refuses to make such appointment [i. e., a referee], he forfeits his claim to compensation for such improvements."

The burden of proof to establish the forfeiture asserted was upon the proposed redemptioners. The finding of the trial court justified the redemptioners' contention of forfeiture by Smith of his claim for the value of the permanent improvements, thereby eliminating the value of permanent improvements as an obligation of redemptioners to effect redemption.

[6] The statute (section 5758), in this aspect, predicates the forfeiture erected upon a refusal to appoint. There is, on the whole evidence, no doubt that the redemptioners nominated a referee to ascertain the disputed matter of the value of the permanent improvements, whereupon it became Smith's duty to appoint a referee, which Smith in fact did. The redemptioners contend that, after appointing his referee, Smith recanted, avowing to one of the redemptioners his revocation of the appointment of his referee. Smith not only did not refuse to appoint a referee; he actually appointed Pinson referee. The issue is whether Smith revoked that appointment in such sort as to constitute his act in the premises a refusal, creating the forfeiture the statute (section 5758) predicates of a refusal to appoint. Notwithstanding the conflicting evidence relevant to that inquiry, reviewed with recognition of the rule of revision before stated, this court is of the opinion that the whole evidence does not at all justify the finding that Smith subsequently revoked the appointment of Pinson as his referee. While there is evidence supporting the redemptioners' version that he did revoke Pinson's appointment, the evidence to the contrary, including the action of one of the redemptioners (the other was not present), leaves the matter in no rational doubt.

Three witnesses were examined with respect to this inquiry, Guy Jack, Jr., Smith (appellant), and Pinson. It is established beyond cavil that these three men met, with redemptioners' referee, Reynolds, at Geiger, in October, 1919, at Pinson's office. Jack testified to declarations by Smith revoking his appointment of Pinson as Smith's referee. Both Pinson and Smith testified to the contrary. Pinson and Smith testified that, at Pinson's suggestion, Jack and Smith agreed to go to see Shannon at Macon, Miss., in reference to the matter in question. That Jack and Smith did go to Macon, for conference with Shannon, is established. The journey of Jack and Smith to confer with Shannon at Macon consists alone with the view, disclosed by the testimony of Pinson and Smith, that the matter of arbitration of the value of the improvements, instead of being terminated by declarations Jack attributes to Smith, was regarded by these parties as the subject of negotiations. The fact that Shannon was absent, and that Jack would not remain, did not detract from the evidential effect of his act in going to see Shannon for the purpose indicated. If Smith had taken the position Jack says he did take, the journey to Macon was an wholly unreasonable performance on the part of both Jack and Smith.

The court erred in attaining and enforcing the conclusion that Smith forfeited "his claim to compensation for" permanent improvements because he refused to appoint a referee, as required by Code, §§ 5757, 5758. The decree is reversed for that error, to the end only that the value of the permanent improvements made by Smith after his purchase may be ascertained. Otherwise the decree is affirmed.

Affirmed in part, reversed in part, and re-

manded; the costs of appeal being taxed against the appellees.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

### On Rehearing.

McCLELLAN, J. Upon the inquiry of fact, viz. whether appellant revoked the appointment he made of Pinson as his referee (Code, § 5758), the members of the court participating in the decision have read and carefully reconsidered the entire evidence pertinent to the issue; this in the light of the argument presented in support of the application for rehearing, and in recognition of the governing rule of review stated in Cooper v. Rowe, supra. On this issue the court remains convinced of the soundness of the conclusion originally pronounced. The evidential bases for the conclusion are sufficiently stated in the opinion ante.

No waiver or forfeiture referable to the provisions of Code, § 5758, having been effected by or against either the appellant or the appellees, proposed redemptioners, the status of the matter is now, or it was when the bill to redeem was filed, that of merely suspended action in the course provided by the statute. Section 5758. The method of arbitration defined in the statute (Code, § 5758) will proceed under the appropriate orders and direction of the trial court, to which the arbitrators will make report, to be enforced through supplemental decree in the cause.

The rehearing is denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.