143 So. 576

### COLEMAN v. SOLOMON et al.

### 6 Div. 61.

Supreme Court of Alabama.
Oct. 6, 1932.

408

William Vaughan and Samuel Tenenbaum, both of Birmingham, for appellees.

Crampton Harris and H. M. Cook, both of Birmingham, for appellant.

ANDERSON, C. J.

The appellant, James Coleman, borrowed $400 from Madeline Solomon through her husband and agent, David R. Solomon, executing his note for $457 payable in six months, with interest. It being claimed that the $57 covered commissions, cost, etc. The appellant was the owner of eight promissory notes for $500 each, executed by one J. R. Smith, and which were secured by a mortgage on real estate purchased from said Coleman by said Smith, the consideration for the purchase being approximately $9,000. The note given hypothecated said eight notes aggregating $4,000 as collateral security for said $457 note, and incorporated therein was authority to sell the collateral upon default by Coleman of his note to Madeline Solomon, and a waiver of notice and a consent that the said Madeline Solomon could purchase the collateral notes at a sale thereof.

Not only was this done, but David R. Solomon had said Coleman execute a straight out unconditional assignment or conveyance of said notes to Madeline Solomon, which was duly acknowledged before a notary public.

The facts, however, disclose that it was the intention of all parties that the notes were intended only as collateral security and

there was no intention to make an unconditional assignment of same.

The collateral notes were sold shortly after the maturity of the $457 note and bid in by the payee and pledgee Madeline Solomon for the sum of $442.15. It also appears that shortly thereafter Madeline Solomon foreclosed, under the power of sale, the Smith mortgage which was given to secure the notes, and bid in the property for $2,000. It also appears that said Coleman, shortly after learning of the sale of the collateral notes, employed counsel, and said counsel offered to redeem said notes and pay all that was due the said Madeline Solomon, a technical tender being waived, and which said offer was rejected by the agent and husband of said Madeline Solomon. This bill is therefore to redeem said collateral notes and to cancel the mortgage sale; the complainant offering to do equity.

Sections 6745, 6746, Code, provide for the sale of collaterals after the maturity of the indebtedness, and notwithstanding the note given by the appellant waived notice as to the sale, the appellee proceeded under the statute.

The appellant insists that section 6745 was not complied with as to the two days' notice by mail to the appellant, as the notice was not mailed to his home address, but appellee contends that it was mailed to the address given her husband and agent. As to this, there was a conflict which we need not here attempt to reconcile for the reason that the appellant was entitled to maintain this bill and cancel both the sale of the collateral as well as of the land under the collateral mortgage, having tendered to the appellee, Madeline Solomon, all that was due promptly after learning of the sale of the collateral.

■ Sales of pledges and the right to redeem therefrom are generally controlled by the rules of law applicable to mortgages, and the equity of redemption arises under like circumstances.

In our recent case of Persons v. Russell, 212 Ala. 506, 103 So. 543, we held that when the pledgee purchased at his own sale without the consent of the pledgor, the pledgor could avoid the sale, without regard to the question of fairness in conducting the same or the adequacy of the price. Here, however, we have a case where the pledgor, in the note given, consented for the pledgee to become the purchaser at the sale of the collateral, and which she did at a grossly inadequate price, and the question arises, will this fact alone create a presumption of fraud and give the pledgor the right to cancel the sale and redeem the collateral upon seasonable application and tendering or paying the debt due the pledgee?

■■ A mortgagee purchasing at a grossly inadequate price, obtains only a colorable title, and is accountable to the owner for the fair value of the property at the time of appropriation. The owner may disregard the sale and redeem the property. The burden is upon the mortgagee purchasing at his own sale under a power to show that the sale was fairly and openly made, in strict compliance with the power, and that the price paid was not so clearly and grossly inadequate as to raise a presumption of bad faith. Jones on Chat. Mortgages, Section 808-a.

The foregoing rule was approved by the Michigan court in the case of Castner v. Darby, 128 Mich. 241, 87 N. W. 199, notwithstanding a statute of the state authorized chattel mortgagees to purchase at their foreclosure sales. See, also, Lee v. Fox, 113 Ind. 98, 14 N. E. 889.

"An alleged sale by the pledgee to itself for several thousand dollars less than the market value of securities pledged was invalid for fraud even though the pledge contract authorized a sale by the pledgee to itself. Ohio Nat. Bank v. Central Const. Co., 17 App. D. C. 524." 49 C. J. page 949, § 101.

■ We think, and so hold, that the consideration for the sale of these collateral notes was so grossly inadequate as to shock the conscience and raise a presumption of fraud and thus authorize the pledgor to avoid same upon seasonable action, which was done within a few months after said sale by an offer or tender to the pledgee of the full amount due her; in fact a few dollars in excess.

The amount bid was little over $400, the face value of the notes $4,000, secured by mortgage on real estate sold for $9,000 and only a small first mortgage ahead of it, and the test of the value of the notes was of the date of the sale of same.

■ The equity of the bill has not been challenged, but it seems well settled that while the pledgor has a remedy at law as for a conversion by pledgee under improper sales, where, as here, an offer to redeem has been made and the mortgage securing the notes has been foreclosed, a court of equity will permit a redemption of the collateral and cancel the sale of same as well as the foreclosure sale of the property mortgaged. Hicks v. Dowdy, 202 Ala. 535, 81 So. 37; Barnett v. Dowdy, 207 Ala. 641, 93 So. 638.

The circuit court erred in not granting the appellant relief, and the decree is reversed and one is here rendered granting the relief sought, and the cause is remanded to the circuit court with the following directions: That the appellant will have a reasonable time to pay to the register $500, the amount tendered. If this is done the circuit court will direct a surrender of the notes

and Smith mortgage to the appellant and cancel the sale of the collateral notes, as well as the sale under the Smith mortgage, and appellee Madeline Solomon to pay all cost. On the other hand, if said amount is not paid to the register as required, the bill of complaint will be dismissed at the cost of this appellant.

Reversed, rendered, and remanded.

THOMAS, BROWN, and KNIGHT, JJ., concur.