**CONTINENTAL CASUALTY CO. v.
BRAWNER.**

**4 Div. 702.**

Supreme Court of Alabama.

May 11, 1933.

Rehearing Denied June 22, 1933.

E. O. Baldwin, of Andalusia, for appellant.

A. Whaley, of Andalusia, for appellee.

THOMAS, Justice.

This is not a suit in equity to redeem from a mortgage sale, or that of a pledge; and the fact that a mortgagee purchased the property at a grossly inadequate price at his own foreclosure sale is held to be no defense at law. Dean v. Lyde, 223 Ala. 394, 136 So. 857; Coleman v. Solomon, 225 Ala. 407, 143 So. 576; Hicks v. Dowdy, 202 Ala. 535, 81 So. 37; Barnett v. Dowdy, 207 Ala. 641, 93 So. 638; Jones on Chattel Mortgages, § 808-a. The case of Suring State Bank v. Giese (Wis.) 246 N. W. 556, which was for the confirmation of a sale made pursuant to the court's order, wherein a court sitting in equity and so acting discussed the question of a fair value of the property purchased, was considered. Northern Pacific Railway Co. v. Boyd, 228 U. S. 482, 483, 33 S. Ct. 554, 57 L. Ed. 931.

This suit was at law by a mortgagee against a mortgagor or his grantee assuming payment of the mortgage, and sought a deficiency judgment against such purchaser.

Prior to the purchase of the land and assumption of the mortgage by appellee, the same was owned by M. B. Hildreth, who, with his wife, executed the notes and mortgage of date of March 15, 1920, for $3,600, payable to the order of himself, on due date of February 1, 1930, and who indorsed the notes in blank and transferred the mortgage to Harry Lee Taft, as trustee.

Thereafter, on the 9th day of April, 1921, Hildreth and wife executed a warranty deed to appellee, J. E. Brawner, and Allen Crenshaw, embracing the lands so mortgaged; in that conveyance is the stipulation: "This conveyance is made with full warranty, but is subject to that certain mortgage to Harry Lee Taft, as Trustee, in the sum of $3600.00, *which is assumed by the grantee herein, and which they agree to pay.*" (Italics supplied.) The evidence showed that this assumption and agreement to pay the mortgage was a part of the purchase price for the land or Hildreth's equity therein; that the interest notes and coupons from time to time were paid by appellee, with the exception of that for $216 payable on February 1, 1930. It is further shown that there was foreclosure of the mortgage under its power and after default; that the purchase of the lands was for $1,500 at foreclosure sale, leaving the balance of indebtedness of principal and interest; that the trust deed, principal, and interest notes had been duly transferred and assigned to appellant; that the balance due thereon when the suit was brought was $3,600 and interest from February 1, 1929. The court sustained objection to the answer to the interrogatory that appellant was the owner of the note and mortgage or trust deed of M. B. Hildreth, from June 6, 1923. Whereupon plaintiff offered, in evidence, the mortgage or trust deed, the principal note executed by Hildreth to the order of himself, the interest note or coupon for $216, each indorsed by Hildreth and wife, and the conveyance to Brawner and Crenshaw, and then undertook to introduce the transfer and assignment of that mortgage or deed by Pearsons and Taft, as trustees, to appellant, and to which objection by the defendant was sustained and exception was reserved.

Appellant then introduced in evidence the deposition of L. J. Cullen, together with all exhibits thereto; also the deposition of D. Hecox, together with exhibits thereto; and *again offered* in evidence the transfer by said trustees of said note indorsed in blank and the mortgage or trust deed to appellant; and again the court sustained appellee's objection thereto, and exception was duly reserved.

Appellant then sought to introduce in evidence the power of attorney by Taft, as trustee to E. O. Baldwin, authorizing the latter to conduct the foreclosure sale on account of "a breach of the covenants in said mortgage," under the powers contained in the mortgage, to act generally in connection therewith "to render good and valid such sale" as that trustee "might do if present" in person, ratifying and confirming all his acts and things which "said attorney may do pursuant to the power and authority hereby given." The court sustained objection, and there was due exception by the appellant. Appellant then offered in evidence the *notice of said foreclosure sale*, which was admitted to be correct, but to which objection was sustained and exception reserved. The *foreclosure deed* of date of February 17, 1931, was then offered, to which objection was sustained at plaintiff's instance, and exception reserved; also the telegram from E. O. Baldwin to appellant.

The bill of exceptions recites, as to this evidence by E. O. Baldwin, the rulings and action of the plaintiff appellant, as follows:

"Prior to the filing suit in this cause, I wired the Continental Casualty Company for the note and mortgage above introduced in evidence, and in response to this telegram the note and mortgage were sent me by Continental Casualty Company. Defendant objected to this statement and moved the Court to exclude it. The Court sustained the objection and motion to exclude, and to this action of the Court plaintiff duly and legally excepted. Plaintiff then ·offered in evidence the telegram above testified about from witness to Continental Casualty Company, dated October 2nd, 1931, and which is in words and figures as follows:

"Telegram

"Western Union
"Andalusia, Alabama, October 2nd, 1931.
"The Continental Casualty Company, 910 South Michigan Avenue, Chicago, Ill.

"Send original Trust Deed, principal note executed by M. B. Hildreth and wife to Harry Lee Taft, Trustee, assigned to you. Also foreclosure deed, assignment of trust deed and power of attorney executed by Oren E. Taft to me authorizing foreclosure of trust deed. Must have by seventh instant.
"E. O. Baldwin.

"Defendant objected to the introduction of telegram, the court sustained the objection and the plaintiff duly and legally excepted.

"The witness further testified as follows: At the foreclosure sale as testified above, the lands described in the mortgage herein set out, the land brought $1500.00, and that was the highest best and last bid at said ·sale for said land.

"The above and foregoing was all the testimony in the case.

"Because of the adverse rulings of the Court upon the admission and rejection of evidence, it became necessary for the plaintiff to suffer a non-suit with bill of exceptions, and plaintiff took a non-suit with bill of exceptions and gave notice of appeal to the Supreme Court."

 The rights of a mortgagee on default are well stated in the decisions (Harris v. Miller, 71 Ala. 26; Morris v. Fidelity Mortgage Bond Co., 187 Ala. 262, 65 So. 810; Hodge v. Joy, 207 Ala. 198, 92 So. 171), and of this right against one who assumes payment of the mortgage debt (Maulitz v. Jones, 222 Ala. 609, 133 So. 701; Tennessee Valley Bank v. Sewell, 214 Ala. 362, 107 So. 834). The assumption of the mortgage indebtedness subjects to an action for recovery of the debt against the mortgagor, or purchaser, who has assumed the payment; or such action may be maintained against both parties jointly. People's Savings Bank of Tallassee v. Jordan, 200 Ala. 500, 76 So. 442; Copeland v. Beard, 217 Ala. 216, 115 So. 389; Segall v. Loeb, 218 Ala. 433, 118 So. 633; Whittle v. Clark, 219 Ala. 161, 121 So. 530; Mitchell v. Hickman, 208 Ala. 344, 94 So. 284; Ryall v. Prince, 82 Ala. 264, 2 So. 319; 27 Cyc. pages 1351, 1352; Stone v. Kellett Motor Co., 220 Ala. 171, 124 So. 412. That is to say, *the mere purchase of the land subject to the mortgage will not render the purchaser personally liable* for the amount due on the mortgage debt; his assumption of that indebtedness, as here, as a part of the purchase price is a sufficient consideration, and subjects such purchaser to that personal liability. Burns v. Austin, 225 Ala. 421, 143 So. 824.

The obligation to the mortgagor to pay the debt was assumed for his benefit and for that of the mortgagee, and it will support the suit therefor. Such is the modern rule, and recovery therefor may be had at law against these purchasers or either of them. Morris v. Fidelity Mortgage Bond Co., supra; Harris v. Miller, supra; Smith v. Jack, 209 Ala. 520, 96 So. 419; 2 Jones on Mortgages, § 953; 27 Cyc. 1353, 1354.

. The note before us for consideration was indorsed in blank by the maker, and was negotiable; the party to whom delivered and the holder thereof may maintain a suit upon the same, although not indorsed ·by the party from whom last purchased. Sections 9056, 9060, 9031, 9037, Code; Dean v. Lyde, 223 Ala. 394, 136 So. 857; Davis v. First Nat. Bank of Blakely, 192 Ala. 8, 68 So. 261; Berney v. Steiner Bros., 108 Ala. 111, 19 So. 806, 54 Am. St. Rep. 144; Kaladner v. First Nat. Bank of Birmingham, 17 Ala. App. 208, 84 So. 562; Slaughter v. Green, Supt. of Banks, 205 Ala. 250, 87 So. 358.

 It was competent to show the foreclosure and the terms thereof; since a complete foreclosure, for the amount due on a mortgage is a full satisfaction thereof (Irby v. Commercial Nat. Bank, 203 Ala. 228, 82 So. 478; Hill, Fontaine & Co. v. Helton, 80 Ala. 528, 1 So. 340; Smith v. Jack, 209 Ala. 520, 96 So. 419), or, if for·a less amount, is a satisfaction thereof pro tanto (Harris v. Miller, 71 Ala. 26; Johns v. Anchors, 153 Ala. 498, 45 So. 218), if purchased at foreclosure sale for a larger sum than is due on the mortgage, the relation of a purchaser is assumed or created and there is liability for the balance over the debt, interest, and costs (Bank of New Brockton v. Dunnavant, 204 Ala. 636, 87 So. 105, and authorities; 41 C. J. page 1022, note 15).

 It results from these authorities that, if a sale is made in strict conformity with the power contained in the mortgage or deed of trust, and enough is not realized to ·satisfy the claims of the mortgage or trust deed, an action may be maintained, in a court of law, against the mortgagor, or his grantee assum-

ing the payment of the mortgage debt, for the deficiency. Stollenwerck v. Marks & Gayle, 188 Ala. 587, 65 So. 1024, Ann. Cas. 1917C, 981; Peeples v. Stolla, 57 Ala. 53, 58. It was in such form and for such sum that the instant suit was sought to be maintained.

The case should be retried, and the several instruments offered and rejected on defendant's motion should be admitted in evidence.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.